FRITZ CLAPP   (Cal. Bar No. 99197)
Attorney at Law
4010 Foothill Boulevard
Oakland, California 94601
Telephone:   (916) 548-1014
Facsimile:   (888) 467-2341
E-mail:   <mail@fritzclapp.com>

Attorney for Plaintiff
HELLS ANGELS MOTORCYCLE CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **HELLS ANGELS MOTORCYCLE CORPORATION**, a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>**HEADGEAR, INC.**, a Virginia corporation, 20/20 FASHIONS, INC., a California corporation, and Does 1 through 100, inclusive,<br><br>Defendants. | Case No. CV-08-2119-VRW<br><br><br>**FIRST AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT AND DILUTION; DEMAND FOR JURY TRIAL** |

Plaintiff, HELLS ANGELS MOTORCYCLE CORPORATION, by and through its undersigned attorney, complains and alleges as follows:

**JURISDICTION**

1.   This action arises under the trademark laws of the United States, 15 U.S.C. §1051 et seq. (Lanham Act).  This court has federal question jurisdiction pursuant to 15 U.S.C. §1121(a), 28 U.S.C. §1331 and 28 U.S.C. §1338(a).

2. This Court has personal jurisdiction over Defendants because each is either found within this District or does business within this District.

### INTRA-DISTRICT ASSIGNMENT

3. This intellectual property action is assigned on a district-wide basis pursuant to Civil L.R. 302(c). The action arises in Alameda and Contra Costa Counties, and may be assigned to the San Francisco Division pursuant to Civil L.R. 302(d).

### PARTIES AND VENUE

4. Plaintiff HELLS ANGELS MOTORCYCLE CORPORATION ("HAMC") is now, and at all relevant times was, a non-profit corporation organized and existing under the laws of the State of Nevada. HAMC is the owner of the trademarks described herein.

5. Defendant HEADGEAR, INC. ("HEADGEAR") is a Virginia corporation with offices at 3409 Chandler Creek Road, Virginia Beach, VA 23453. Defendant HEADGEAR is a manufacturer of clothing items with the brand "Blac Label."

6. Defendant 20/20 FASHIONS, INC. ("20/20") is now, and at all times mentioned was, a California corporation with offices at 660 Southland Mall, Ste. 660, Hayward, CA 94545. Defendant 20/20 is a clothing retailer with outlets in Alameda and Contra Costa Counties, California.

7. Venue as to each defendant is proper under 28 U.S.C. §1391(b). Defendant 20/20 resides within this district, and both Defendants have been selling within this district the infringing items complained of herein.

8. The true names and capacities, whether individual, corporate, associate or otherwise of Does 1 through 100, inclusive, and each of them, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names, and will seek leave of this Court to amend this Complaint to show the true names and capacities when they have been ascertained. Plaintiff is informed and believes, and on that basis alleges, that each defendant designated herein as a Doe was responsible, intentionally, negligently, contributorily, vicariously or in some other actionable manner, for the events and happenings referred to herein which proximately and legally caused the damages to

Plaintiff as hereinafter alleged.

**PLAINTIFF'S MARK**

9. For over sixty years, the Hells Angels Motorcycle Club has continuously employed the word mark HELLS ANGELS as a collective membership mark, trademark and service mark. The HELLS ANGELS mark is used in connection with the promotion, advertising, conduct and expansion of a motorcycle club, and as indicia of active membership in a motorcycle club; on authorized goods such as posters, adhesive labels, motion pictures, and sound recordings; and in connection with authorized services such as promotional and entertainment services.

10. Plaintiff HAMC is the owner of U.S. Trademark Registration Nos. 1,136,494, 1,214,476, 1,294,586, 1,301,050, and 1,943,341 for the HELLS ANGELS word mark. Attached to this complaint as Exhibit A and incorporated by this reference is a copy of the certificate of ownership in Reg. No. 1,294,586 for HELLS ANGELS in International Class 25 (for t-shirts).

11. Plaintiff's registrations have become incontestable under 15 U.S.C. §1065. These registrations are, therefore, conclusive evidence of Plaintiff's exclusive right to use the registered Mark.

12. Through continuous and conspicuous usage by Plaintiff HAMC and its authorized licensees, the HELLS ANGELS word mark (the "Mark") is famous. The Mark is widely known and recognized by the public as indicating the membership and organization of motorcycle enthusiasts exclusively using the mark. Plaintiff HAMC has exercised legitimate control over the uses of the Mark by its duly authorized licensees, and has been diligent in abating the use of the Mark by unauthorized third parties.

13. Through publicity, fact and fiction, the word mark HELLS ANGELS has acquired widespread public recognition, and it evokes strong and immediate reactions whenever it is uttered or used. The impact of this mark is virtually incomparable, and as a result it has great commercial value. Defendants seek to exploit that value for their own gain.

**DEFENDANTS' UNAUTHORIZED USAGE OF PLAINTIFF'S MARK**

14. Within a year prior to the filing of this complaint, Defendant HEADGEAR caused to be manufactured, distributed and sold, certain shirts bearing the HELLS ANGELS Mark. Specimens of the designs employed by Defendant HEADGEAR on shirts are shown in Exhibit B to this complaint, incorporated by reference.

15. On information and belief, Defendant HEADGEAR has distributed and sold said infringing shirts nationwide to various clothing chain stores and retail outlets, including Defendant 20/20 and Does 1 through 100, inclusive.

16. Plaintiff HAMC has never approved Defendants' use of the HELLS ANGELS Mark, and Defendants have never sought permission for use of the Mark.

17. As a result of Defendants' use as complained herein, public confusion has arisen, and is likely to continue, as to the source, origin or sponsorship of the shirts incorporating Plaintiff's Mark.

18. Plaintiff is informed and believes, and upon such information and belief alleges, that Defendants had actual knowledge of Plaintiff's ownership of the HELLS ANGELS Mark, prior to their first use of the Mark on shirts.

19. On or about March 10, 2008, Plaintiff put Defendant HEADGEAR on actual notice of Plaintiff's rights and claims, and demanded that Defendant HEADGEAR cease its unauthorized and improper use of the HELLS ANGELS Mark, recall and sequester the infringing items, and account for the infringing items manufactured, sold and on hand. A copy of said written notice is attached to this complaint as Exhibit C and incorporated by reference.

20. Despite Plaintiff's aforesaid notice and other repeated demands, Defendants have wilfully continued to distribute and sell the infringing items, have failed to sequester the unsold items, and have failed to account for the infringing items.

21. Unless restrained and enjoined, Defendants will continue the acts complained of herein.

//

**FIRST CAUSE OF ACTION**

*(Lanham Act §43(a) – 15 U.S.C. §1125(a) – Trademark Infringement)*

22.   Plaintiff incorporates by reference paragraphs 1 through 21 above.

23.   Defendants' use of the HELLS ANGELS Mark is likely to cause confusion, mistake, or deception at common law and within the meaning of 15 U.S.C. §1114, thereby infringing Plaintiff's registered Mark to Plaintiff's immediate and irreparable damage.

24.   The conduct of Defendants continues to damage Plaintiff and unless enjoined will further impair the value of Plaintiff's mark and the goodwill which Plaintiff has acquired in the Mark.

**SECOND CAUSE OF ACTION**

*(Lanham Act §43(c) – 15 U.S.C. §1125(c) – Trademark Dilution)*

20.   Plaintiff incorporates by reference paragraphs 1 through 21 above.

21.   Defendants' commercial use of Plaintiff's HELLS ANGELS Mark has and will cause dilution of the mark by "blurring."

22.   By their acts as herein alleged, Defendants willfully intended to trade on the fame and reputation of Plaintiff HAMC and to cause dilution of Plaintiff's famous Mark.

23.   As a consequence of Defendants' violations, Plaintiff HAMC is entitled to injunctive and other relief as prayed.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff HAMC prays that this court order and adjudge that:

A.   Defendants, and each of them, be preliminarily and permanently enjoined from directly or indirectly using Plaintiff's Mark, pursuant to 15 U.S.C. §1116(a);

B.   All infringing articles bearing Plaintiff's Mark in Defendants' possession be delivered up and destroyed as the Court may direct;

C.   Defendants be required to account to Plaintiff for any and all revenues derived from the use of Plaintiff's Mark;

D.   Defendants be required to pay to Plaintiff damages and profits under 15

1 U.S.C. §1117(a);

2     E.     Plaintiff be awarded treble damages pursuant to 15 U.S.C. §1117(b);

3     F.     The costs of this action be awarded to Plaintiff;

4     G.     Plaintiff be awarded its reasonable attorney's fees pursuant to 15 U.S.C.

5 §1117(a); and

6     H.     Such other and further relief be granted as the court deems just.

7 Dated: April 24, 2008

8

9                         FRITZ CLAPP
                        Attorney for Plaintiff HELLS ANGELS
10                         MOTORCYCLE CORPORATION

11 **<u>DEMAND FOR JURY TRIAL</u>**

12 Plaintiff hereby demands trial by jury of all issues triable herein.

13 Dated: April 24, 2008

14

15                         FRITZ CLAPP
                        Attorney for Plaintiff HELLS ANGELS
                        MOTORCYCLE CORPORATION

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit A



# THE UNITED STATES OF AMERICA

TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office

March 13, 2007

THE ATTACHED U.S. TRADEMARK REGISTRATION *1,294,586* IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM *September 11, 1984*
1st RENEWAL FOR A TERM OF *10* YEARS FROM *September 11, 2004*
SECTION 8 & 15
SAID RECORDS SHOW TITLE TO BE IN:

*HELLS ANGELS MOTORCYCLE CORPORATION*
*A NEVADA CORP*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

M. K. CARTER
Certifying Officer



Int. Cls.: **25 and 41**

Prior U.S. Cls.: **39 and 107**

**United States Patent and Trademark Office**

Reg. No. **1,294,586**
Registered Sep. 11, 1984

## TRADEMARK
## SERVICE MARK
Principal Register

## HELLS ANGELS

Hells Angels Motorcycle Club (California corporation), a.k.a. Hells Angels
9508 Golf Links Rd.
Oakland, Calif. 94605

For: T-SHIRTS, in CLASS 25 (U.S. Cl. 39).
First use Jun. 1983; in commerce Jun. 1983.
For: ENTERTAINMENT SERVICES—NAMELY, ARRANGING AND CONDUCTING CONCERTS FOR THE BENEFIT OF OTHERS, in CLASS 41 (U.S. Cl. 107).
First use Jun. 1983; in commerce Jun. 1983.

Owner of U.S. Reg. Nos. 1,136,494 and 1,213,647.

Ser. No. 435,328, filed Jul. 20, 1983.

DOMINICK J. SALEMI, Examiner





**Exhibit B**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit C

# FRITZ CLAPP
Attorney at Law

544 Pawali Street                                                                                    Telephone 916-548-1014
Kihei, Maui, HI 96753                                                                         Facsimile 888-467-2341
*ADMITTED TO PRACTICE IN CA*                                                          <mail@FritzClapp.com>

---

10 March 2008

Jeff Watson, President
Headgear Blac Label
3409 Chandler Creek Road
Virginia Beach, VA 23453

<u>VIA EXPRESS MAIL AND FACSIMILE TO 757-858-1204</u>

      Re:    Hells Angels Motorcycle Corporation
              Trademark infringement notice and demand

Dear Mr. Watson:

      It is our privilege to represent Hells Angels Motorcycle Corporation ("HAMC") in trademark and related business matters. HAMC is the owner of collective membership marks, trademarks and service marks, including the word mark HELLS ANGELS which is used exclusively by the corporation's chartered clubs and their active members. HAMC has been diligent in the protection of its famous marks and is the owner of numerous federal and foreign registrations. We have been instructed to enforce our client's rights in its marks with all the remedies available under state and federal law.

      Having been employed continuously and conspicuously for over fifty years as the indicia of membership in the chartered motorcycle clubs, HAMC's marks are very well known by the public and have been consistently recognized as "famous" marks by federal courts. Accordingly, HAMC's marks are accorded the highest level of protection against dilution from unauthorized use.

      It has been brought to our attention that your company is distributing and selling shirts which infringe the membership indicia and mark of our client. We refer in particular to the word mark HELLS ANGELS used and registered by our client (U.S. Registration. Nos. 1,136,494, 1,214,476, 1,294,586, 1,301,050, and 1,943,341), and whose affixation on apparel is reserved exclusively for active members of the elite motorcycle clubs. Shirts fabricated by your company and bearing this word mark were displayed at last month's MAGIC trade show in Las Vegas, presumably for distribution and sale. An image of the infringing shirt is shown below.

      On behalf of our client, we demand the immediate cessation of your company's unauthorized, improper and infringing use of our client's registered mark on shirts or apparel of any kind, and the recall of all such items.

     Your company's unauthorized use of HAMC's famous mark on shirts is obviously calculated to evoke and therefore trade on the reputation of the famous motorcycle club. Such usage is likely to cause confusion, constitutes false designation of origin and dilution under the trademark laws, and will not be tolerated.

     Under relevant law, you are deemed to have had constructive notice of our HAMC's rights in the mark from its registration date. Through this letter, you are placed on actual notice of our client's registered rights and we shall consider any further use of the HELLS ANGELS mark as willful and deliberate. The Trademark Act of 1946, and the case law emanating therefrom, authorize courts to grant attorney fees and treble damages to registered trademark owners upon such showings of willful infringement.

     Demand is hereby made that you reply by email or facsimile transmission no later than **Friday, 14 March 2008**, confirming exactly what steps you have taken to cease all commerce in the infringing shirts, and providing an accounting of all such shirts manufactured, distributed and sold, so that we may determine the measure of damages to be assessed. The timeliness and quality of your response, and your cooperation in recalling and sequestering the existing inventory, will be important factors in our determination whether judicial intervention is required.

     Your immediate attention to this matter is therefore expected.

                                             Very truly yours,

                                             Fritz Clapp

FHC/hp
hamc_237
cc:    Neal C. Schulwolf, Esq. (via facsimile to 757-491-1518)

