1    FRITZ CLAPP   (Cal. Bar No. 99197)
     Attorney at Law
2    4010 Foothill Boulevard
     Oakland, California 94601
3    Telephone:    (916) 548-1014
     Facsimile:    (888) 467-2341
4    E-mail:       <mail@fritzclapp.com>

5    Attorney for Plaintiff
     HELLS ANGELS MOTORCYCLE CORPORATION
6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                       SAN FRANCISCO DIVISION

11

12

13   **HELLS ANGELS MOTORCYCLE**          Case No. CV-08-2119-VRW
     **CORPORATION**, a Nevada corporation,
14

15        Plaintiff,

16   v.                                    **PLAINTIFF'S EX PARTE MOTION
                                           FOR EXPEDITED DISCOVERY**
17
     **HEADGEAR, INC.**, a Virginia corporation,
18   20/20 FASHIONS, INC., a California corp-
     oration, and Does 1 through 100, inclusive,
19

20        Defendants.

21

22

23        Plaintiff, Hells Angels Motorcycle Corporation ("HAMC"), through counsel,

24   pursuant to Fed.R.Civ.P. 26(d) moves the Court for an order authorizing limited discovery

25   by HAMC before the parties have conferred as required by Rule 26(f).

26        The discovery sought is in the form of two special interrogatories, to determine the

27   persons and entities to whom the defendant has shipped its admittedly infringing goods;

28   the proposed interrogatories are attached hereto as Exhibit A.

1

## FACTUAL BASIS

2   This action is brought under the Lanham Act to remedy acts of commercial

3   exploitation and infringement of plaintiff HAMC's famous HELLS ANGELS word mark.

4   As alleged in the amended complaint attached hereto as Exhibit B, defendant Headgear,

5   Inc. has designed and made shirts which conspicuously bear the HELLS ANGELS

6   registered word mark, and has distributed the shirts to retailers and customers even after

7   plaintiff's notice and demand.

8   Plaintiff HAMC first notified defendant Headgear, Inc. of its claims of infringement

9   by letter on March 10, 2008, attached hereto as Exhibit C.

10   Counsel for defendant Headgear, Inc. responded to plaintiff's notice and

11   acknowledged his client's usage of the mark, first by telephone and then by letter on

12   March 26, 2008, attached hereto as Exhibit D, stating that his client had ceased the usage

13   and apologizing for it.

14   On April 16, 2008, based on reports that defendant's infringing shirts were being

15   offered for sale on eBay and by various retail stores across the nation, plaintiff's counsel

16   notified defendant's counsel by email that the infringement was ongoing despite his prior

17   representations.  Defendant's counsel again provided assurances on behalf of his client,

18   whereupon plaintiff's counsel demanded a list of retailers to whom the infringing goods

19   were shipped.  This email exchange is attached hereto as Exhibit E.

20   Defendant Headgear, Inc. has yet to furnish voluntarily any information regarding

21   the retailers to which it has shipped the admittedly infringing shirts. Meanwhile, plaintiff

22   has independently discovered at least a dozen retailers selling the infringing shirts, on eBay

23   auctions, through online web stores, and in malls.   No retailer contacted by plaintiff's

24   counsel during the week prior to bringing this motion had knowledge of any effort by

25   defendant Headgear, Inc. to recall the infringing shirts.

26   Plaintiff HAMC will amend its complaint herein to include as defendants all

27   retailers of the infringing shirts, once they are identified and then given an opportunity to

28   resolve the matter outside of court.

1   Plaintiff's urgent goal is to remove the items from commerce promptly and
2   decisively.  This is not an ordinary case of commercial infringement, as the mark denotes
3   affiliation with an organization whose reputation is quite controversial.  The possible
4   adverse consequences from a member of the public wearing a garment bearing the HELLS
5   ANGELS mark are qualitatively different than other famous marks, such as Calvin Klein
6   or Nike.  It is in the public interest that such unintended consequences of defendant's
7   infringements be avoided.

8   Defendant Headgear, Inc. and its counsel have denied, delayed and concealed the
9   available information regarding its use of the famous HELLS ANGELS mark, and unless
10  compelled to disclose its retailers, will continue to stall while the infringing items are
11  being sold to the public.

12  The undersigned hereby certifies that the foregoing facts are true and are stated on
13  personal knowledge.

14                                AUTHORITY

15  It is within the Court's discretion to allow expedited discovery by order under
16  Fed.R.Civ.P. 26(d)(1).  In this district, a "good cause" standard is applied.  *Semitool Inc.,*
17  *v. Tokyo Electron America, Inc.*, 208 F.R.D. 273 (N.D.Cal. 2002).

18  Good cause exists "where the need for expedited discovery, in consideration of the
19  administration of justice, outweighs the prejudice to the responding party." *Id.*, at 276.

20  Disclosing the identities of defendant's retailers is not burdensome, for its counsel
21  has already promised such information would be forthcoming.

22  Good cause exists where, as is the case here, the complaint alleges claims of
23  infringement. *Id.*  Plaintiff HAMC has stated a *prima facie* case of infringement, and
24  defendant Headgear has already admitted through counsel that it put the infringing items
25  into the stream of commerce.

26  Courts routinely allow discovery to identify "Doe" defendants. *Wakefield v.*
27  *Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999).

28  The narrowly tailored discovery requests seek information possessed only by the

1   defendant, and which is essential to abate the infringement and mitigate the extent of
2   damages.  Absent this limited, immediate discovery, weeks or months will pass before
3   plaintiff is able to identify all the retailers offering the infringing items to the public.

4        Upon discovery of the identities of the "Doe" retailers, plaintiff will amend its
5   complaint to reflect their actual names and proceed with service of process on them.

6        Only two special interrogatories are requested, the first interrogatory to determine
7   the identities of the "Doe" retailers, and the second interrogatory to determine the
8   quantities and shipping dates so that retailers with the greatest quantities may be addressed
9   first in plaintiff's effort to abate the infringements.

10       Plaintiff requests the time for responding to the special interrogatories be TEN (10)
11  DAYS from service, which is the amount of time defendant's counsel stated would be
12  sufficient when he told plaintiff's counsel the information could be provided.

13                              CONCLUSION

14       Absent limited, immediate discovery of the identities of the Doe retailers, plaintiff
15  HAMC will be unable to achieve adequate redress for defendant's rampant infringement.

16       For the foregoing reasons, the Court should grant this motion and enter an order
17  substantially in the form of the attached proposed order.

18

19  Dated: April 30, 2008                    Respectfully submitted,

20

21  _____

22  FRITZ CLAPP
    Attorney for Plaintiff HELLS ANGELS
23  MOTORCYCLE CORPORATION

24

25

26

27

28

Exhibit A

1   FRITZ CLAPP   (Cal. Bar No. 99197)
    Attorney at Law
2   4010 Foothill Boulevard
    Oakland, California 94601
3   Telephone:   (916) 548-1014
    Facsimile:   (888) 467-2341
4   E-mail:        <mail@fritzclapp.com>

5   Attorney for Plaintiff
    HELLS ANGELS MOTORCYCLE CORPORATION
6

7

8                 UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

11

12

| 13 | **HELLS ANGELS MOTORCYCLE CORPORATION**, a Nevada corporation, | Case No. CV-08-2119-VRW |
|---|---|---|
| 14 | | |
| 15 | Plaintiff, | **[PROPOSED] SPECIAL INTERROGATORIES** |
| 16 | v. | |
| 17 | | **[Fed.R.Civ.P. 33]** |
| 18 | **HEADGEAR, INC.**, a Virginia corporation, 20/20 FASHIONS, INC., a California corp-oration, and Does 1 through 100, inclusive, | |
| 19 | | |
| 20 | Defendants. | |

21

22   PROPOUNDING PARTY:     Plaintiff, HELLS ANGELS MOTORCYCLE CORPORATION

23   RESPONDING PARTY:      Defendant, HEADGEAR, INC.

24   SET NUMBER:            ONE

25        Propounding party requests that responding party, pursuant to Federal Rule of Civil

26   Procedure 33, respond to the following special interrogatories under oath. The

27   interrogatory responses shall be returned to propounding party's counsel by facsimile to

28   888-467-2341 or email to <mail@fritzclapp.com>, within TEN (10) DAYS from the

1  service of these requests and the order authorizing them.

2  The terms "you" and "your" refer to defendant, Headgear, Inc., and any individual

3  or subsidiary thereof, and where applicable in this context, said defendant's agents,

4  representatives, employees, affiliates, licensees, or others acting on its behalf.

5  Please identify the answering person and any person who provided information for

6  the interrogatory response.

7  Requests are continuing in nature and supplemental responses are required of all

8  information which may hereafter come into your possession, custody, control or

9  knowledge.

10  <u>INTERROGATORIES</u>

11  1.    Identify each person or entity to whom you have supplied shirts bearing the

12  words HELLS ANGELS, by stating the name, address, and telephone number of such

13  persons or entities.

14  2.    For each person or entity identified in the response to Interrogatory No. 1,

15  state the quantity of shirts bearing the words HELLS ANGELS that you supplied to them,

16  and the dates on which you supplied them.

17  Dated: _____, 2008

18  _____

19  FRITZ CLAPP
   Attorney for Plaintiff HELLS ANGELS

20  MOTORCYCLE CORPORATION

21

22

23

24

25

26

27

28

Exhibit B

1  FRITZ CLAPP   (Cal. Bar No. 99197)
   Attorney at Law
2  4010 Foothill Boulevard
   Oakland, California 94601
3  Telephone:    (916) 548-1014
   Facsimile:    (888) 467-2341
4  E-mail:        <mail@fritzclapp.com>

5  Attorney for Plaintiff
   HELLS ANGELS MOTORCYCLE CORPORATION
6

7

8                 **UNITED STATES DISTRICT COURT**

9                **NORTHERN DISTRICT OF CALIFORNIA**

10                   **SAN FRANCISCO DIVISION**

11

12

| | |
|---|---|
| 13 **HELLS ANGELS MOTORCYCLE** 14 **CORPORATION**, a Nevada corporation, | **Case No. CV-08-2119-VRW** |
| 15        Plaintiff, | |
| 16 v. | **FIRST AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT AND DILUTION; DEMAND FOR JURY TRIAL** |
| 17 **HEADGEAR, INC.**, a Virginia corporation, 18 20/20 FASHIONS, INC., a California corp- oration, and Does 1 through 100, inclusive, 19 | |
| 20        Defendants. | |

21

22

23        Plaintiff, HELLS ANGELS MOTORCYCLE CORPORATION, by and through its

24  undersigned attorney, complains and alleges as follows:

25                        **<u>JURISDICTION</u>**

26        1.        This action arises under the trademark laws of the United States, 15 U.S.C.

27  §1051 et seq. (Lanham Act).  This court has federal question jurisdiction pursuant to 15

28  U.S.C. §1121(a), 28 U.S.C. §1331 and 28 U.S.C. §1338(a).

2.    This Court has personal jurisdiction over Defendants because each is either found within this District or does business within this District.

**INTRA-DISTRICT ASSIGNMENT**

3.    This intellectual property action is assigned on a district-wide basis pursuant to Civil L.R. 302(c).  The action arises in Alameda and Contra Costa Counties, and may be assigned to the San Francisco Division pursuant to Civil L.R. 302(d).

**PARTIES AND VENUE**

4.    Plaintiff HELLS ANGELS MOTORCYCLE CORPORATION ("HAMC") is now, and at all relevant times was, a non-profit corporation organized and existing under the laws of the State of Nevada. HAMC is the owner of the trademarks described herein.

5.    Defendant HEADGEAR, INC. ("HEADGEAR") is a Virginia corporation with offices at 3409 Chandler Creek Road, Virginia Beach, VA 23453.  Defendant HEADGEAR is a manufacturer of clothing items with the brand "Blac Label."

6.    Defendant 20/20 FASHIONS, INC. ("20/20") is now, and at all times mentioned was, a California corporation with offices at 660 Southland Mall, Ste. 660, Hayward, CA 94545.  Defendant 20/20 is a clothing retailer with outlets in Alameda and Contra Costa Counties, California.

7.    Venue as to each defendant is proper under 28 U.S.C. §1391(b).  Defendant 20/20 resides within this district, and both Defendants have been selling within this district the infringing items complained of herein.

8.    The true names and capacities, whether individual, corporate, associate or otherwise of Does 1 through 100, inclusive, and each of them, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names, and will seek leave of this Court to amend this Complaint to show the true names and capacities when they have been ascertained.   Plaintiff is informed and believes, and on that basis alleges, that each defendant designated herein as a Doe was responsible, intentionally, negligently, contributorily, vicariously or in some other actionable manner, for the events and happenings referred to herein which proximately and legally caused the damages to

1  Plaintiff as hereinafter alleged.

2  <center>**PLAINTIFF'S MARK**</center>

3  9.    For over sixty years, the Hells Angels Motorcycle Club has continuously
4  employed the word mark HELLS ANGELS as a collective membership mark, trademark
5  and service mark.  The HELLS ANGELS mark is used in connection with the promotion,
6  advertising, conduct and expansion of a motorcycle club, and as indicia of active
7  membership in a motorcycle club; on authorized goods such as posters, adhesive labels,
8  motion pictures, and sound recordings; and in connection with authorized services such as
9  promotional and entertainment services.

10  10.    Plaintiff HAMC is the owner of U.S. Trademark Registration Nos.
11  1,136,494, 1,214,476, 1,294,586, 1,301,050, and 1,943,341 for the HELLS ANGELS word
12  mark.  Attached to this complaint as Exhibit A and incorporated by this reference is a copy
13  of the certificate of ownership in Reg. No. 1,294,586 for HELLS ANGELS in International
14  Class 25 (for t-shirts).

15  11.    Plaintiff's registrations have become incontestable under 15 U.S.C. §1065.
16  These registrations are, therefore, conclusive evidence of Plaintiff's exclusive right to use
17  the registered Mark.

18  12.    Through continuous and conspicuous usage by Plaintiff HAMC and its
19  authorized licensees, the HELLS ANGELS word mark (the "Mark") is famous. The Mark
20  is widely known and recognized by the public as indicating the membership and
21  organization of motorcycle enthusiasts exclusively using the mark. Plaintiff HAMC has
22  exercised legitimate control over the uses of the Mark by its duly authorized licensees, and
23  has been diligent in abating the use of the Mark by unauthorized third parties.

24  13.    Through publicity, fact and fiction, the word mark HELLS ANGELS has
25  acquired widespread public recognition, and it evokes strong and immediate reactions
26  whenever it is uttered or used.  The impact of this mark is virtually incomparable, and as a
27  result it has great commercial value. Defendants seek to exploit that value for their own
28  gain.

## DEFENDANTS' UNAUTHORIZED USAGE OF PLAINTIFF'S MARK

14.    Within a year prior to the filing of this complaint, Defendant HEADGEAR caused to be manufactured, distributed and sold, certain shirts bearing the HELLS ANGELS Mark.  Specimens of the designs employed by Defendant HEADGEAR on shirts are shown in Exhibit B to this complaint, incorporated by reference.

15.    On information and belief, Defendant HEADGEAR has distributed and sold said infringing shirts nationwide to various clothing chain stores and retail outlets, including Defendant 20/20 and Does 1 through 100, inclusive.

16.    Plaintiff HAMC has never approved Defendants' use of the HELLS ANGELS Mark, and Defendants have never sought permission for use of the Mark.

17.    As a result of Defendants' use as complained herein, public confusion has arisen, and is likely to continue, as to the source, origin or sponsorship of the shirts incorporating Plaintiff's Mark.

18.    Plaintiff is informed and believes, and upon such information and belief alleges, that Defendants had actual knowledge of Plaintiff's ownership of the HELLS ANGELS Mark, prior to their first use of the Mark on shirts.

19.    On or about March 10, 2008, Plaintiff put Defendant HEADGEAR on actual notice of Plaintiff's rights and claims, and demanded that Defendant HEADGEAR cease its unauthorized and improper use of the HELLS ANGELS Mark, recall and sequester the infringing items, and account for the infringing items manufactured, sold and on hand.  A copy of said written notice is attached to this complaint as Exhibit C and incorporated by reference.

20.    Despite Plaintiff's aforesaid notice and other repeated demands, Defendants have wilfully continued to distribute and sell the infringing items, have failed to sequester the unsold items, and have failed to account for the infringing items.

21.    Unless restrained and enjoined, Defendants will continue the acts complained of herein.

//

## FIRST CAUSE OF ACTION

*(Lanham Act §43(a) – 15 U.S.C. §1125(a) – Trademark Infringement)*

22.    Plaintiff incorporates by reference paragraphs 1 through 21 above.

23.    Defendants' use of the HELLS ANGELS Mark is likely to cause confusion, mistake, or deception at common law and within the meaning of 15 U.S.C. §1114, thereby infringing Plaintiff's registered Mark to Plaintiff's immediate and irreparable damage.

24.    The conduct of Defendants continues to damage Plaintiff and unless enjoined will further impair the value of Plaintiff's mark and the goodwill which Plaintiff has acquired in the Mark.

## SECOND CAUSE OF ACTION

*(Lanham Act §43(c) – 15 U.S.C. §1125(c) – Trademark Dilution)*

20.    Plaintiff incorporates by reference paragraphs 1 through 21 above.

21.    Defendants' commercial use of Plaintiff's HELLS ANGELS Mark has and will cause dilution of the mark by "blurring."

22.    By their acts as herein alleged, Defendants willfully intended to trade on the fame and reputation of Plaintiff HAMC and to cause dilution of Plaintiff's famous Mark.

23.    As a consequence of Defendants' violations, Plaintiff HAMC is entitled to injunctive and other relief as prayed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff HAMC prays that this court order and adjudge that:

A.    Defendants, and each of them, be preliminarily and permanently enjoined from directly or indirectly using Plaintiff's Mark, pursuant to 15 U.S.C. §1116(a);

B.    All infringing articles bearing Plaintiff's Mark in Defendants' possession be delivered up and destroyed as the Court may direct;

C.    Defendants be required to account to Plaintiff for any and all revenues derived from the use of Plaintiff's Mark;

D.    Defendants be required to pay to Plaintiff damages and profits under 15

1    U.S.C. §1117(a);

2    E.    Plaintiff be awarded treble damages pursuant to 15 U.S.C. §1117(b);

3    F.    The costs of this action be awarded to Plaintiff;

4    G.    Plaintiff be awarded its reasonable attorney's fees pursuant to 15 U.S.C.

5    §1117(a); and

6    H.    Such other and further relief be granted as the court deems just.

7    Dated: April 24, 2008

8    _____
     FRITZ CLAPP

9    Attorney for Plaintiff HELLS ANGELS
     MOTORCYCLE CORPORATION

10

11                        **DEMAND FOR JURY TRIAL**

12    Plaintiff hereby demands trial by jury of all issues triable herein.

13    Dated: April 24, 2008

14    _____
     FRITZ CLAPP

15    Attorney for Plaintiff HELLS ANGELS
     MOTORCYCLE CORPORATION

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# Exhibit A

26
27
28



7056323

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

### UNITED STATES DEPARTMENT OF COMMERCE

#### United States Patent and Trademark Office

**March 13, 2007**

THE ATTACHED U.S. TRADEMARK REGISTRATION *1,294,586* IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM   *September 11, 1984*
*1st* RENEWAL FOR A TERM OF *10* YEARS FROM   *September 11, 2004*
SECTION 8 & 15
SAID RECORDS SHOW TITLE TO BE IN:

   *HELLS ANGELS MOTORCYCLE CORPORATION*
   *A NEVADA CORP*

By Authority of the
**Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office**



**M. K.  CARTER**

**Certifying Officer**



Int. Cls.: 25 and 41

Prior U.S. Cls.: 39 and 107

Reg. No. 1,294,586

## United States Patent and Trademark Office

Registered Sep. 11, 1984

## TRADEMARK
## SERVICE MARK
### Principal Register

## HELLS ANGELS

Hells Angels Motorcycle Club (California corporation), a.k.a. Hells Angels
9508 Golf Links Rd.
Oakland, Calif. 94605

    For: T-SHIRTS, in CLASS 25 (U.S. Cl. 39).
    First use Jun. 1983; in commerce Jun. 1983.
    For: ENTERTAINMENT SERVICES—NAME-LY, ARRANGING AND CONDUCTING CON-CERTS FOR THE BENEFIT OF OTHERS, in

CLASS 41 (U.S. Cl. 107).

    First use Jun. 1983; in commerce Jun. 1983.

    Owner of U.S. Reg. Nos. 1,136,494 and 1,213,647.

    Ser. No. 435,328, filed Jul. 20, 1983.

DOMINICK J. SALEMI, Examiner

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





**Exhibit B**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit C

# FRITZ CLAPP
Attorney at Law

544 Pawali Street                                                     Telephone 916-548-1014
Kihei, Maui, HI  96753                                          Facsimile 888-467-2341
*ADMITTED TO PRACTICE IN CA*                        <mail@FritzClapp.com>

_____

10 March 2008

Jeff Watson, President
Headgear Blac Label
3409 Chandler Creek Road
Virginia Beach, VA 23453

VIA EXPRESS MAIL AND FACSIMILE TO 757-858-1204

      Re:    Hells Angels Motorcycle Corporation
             Trademark infringement notice and demand

Dear Mr. Watson:

      It is our privilege to represent Hells Angels Motorcycle Corporation ("HAMC") in trademark and related business matters.  HAMC is the owner of collective membership marks, trademarks and service marks, including the word mark HELLS ANGELS which is used exclusively by the corporation's chartered clubs and their active members.  HAMC has been diligent in the protection of its famous marks and is the owner of numerous federal and foreign registrations. We have been instructed to enforce our client's rights in its marks with all the remedies available under state and federal law.

      Having been employed continuously and conspicuously for over fifty years as the indicia of membership in the chartered motorcycle clubs, HAMC's marks are very well known by the public and have been consistently recognized as "famous" marks by federal courts.  Accordingly, HAMC's marks are accorded the highest level of protection against dilution from unauthorized use.

      It has been brought to our attention that your company is distributing and selling shirts which infringe the membership indicia and mark of our client.  We refer in particular to the word mark HELLS ANGELS used and registered by our client (U.S. Registration. Nos. 1,136,494, 1,214,476, 1,294,586, 1,301,050, and 1,943,341), and whose affixation on apparel is reserved exclusively for active members of the elite motorcycle clubs.  Shirts fabricated by your company and bearing this word mark were displayed at last month's MAGIC trade show in Las Vegas, presumably for distribution and sale.  An image of the infringing shirt is shown below.

      On behalf of our client, we demand the immediate cessation of your company's unauthorized, improper and infringing use of our client's registered mark on shirts or apparel of any kind, and the recall of all such items.

Your company's unauthorized use of HAMC's famous mark on shirts is obviously calculated to evoke and therefore trade on the reputation of the famous motorcycle club. Such usage is likely to cause confusion, constitutes false designation of origin and dilution under the trademark laws, and will not be tolerated.

Under relevant law, you are deemed to have had constructive notice of our HAMC's rights in the mark from its registration date. Through this letter, you are placed on actual notice of our client's registered rights and we shall consider any further use of the HELLS ANGELS mark as willful and deliberate. The Trademark Act of 1946, and the case law emanating therefrom, authorize courts to grant attorney fees and treble damages to registered trademark owners upon such showings of willful infringement.

Demand is hereby made that you reply by email or facsimile transmission no later than **Friday, 14 March 2008**, confirming exactly what steps you have taken to cease all commerce in the infringing shirts, and providing an accounting of all such shirts manufactured, distributed and sold, so that we may determine the measure of damages to be assessed. The timeliness and quality of your response, and your cooperation in recalling and sequestering the existing inventory, will be important factors in our determination whether judicial intervention is required.

Your immediate attention to this matter is therefore expected.

Very truly yours,

Fritz Clapp

FHC/hp
hamc_237
cc:    Neal C. Schulwolf, Esq. (via facsimile to 757-491-1518)



Exhibit C

# FRITZ CLAPP

Attorney at Law

544 Pawali Street                                                       Telephone 916-548-1014
Kihei, Maui, HI  96753                                              Facsimile 888-467-2341
*ADMITTED TO PRACTICE IN CA*                              <mail@FritzClapp.com>

10 March 2008

Jeff Watson, President
Headgear Blac Label
3409 Chandler Creek Road
Virginia Beach, VA 23453

VIA EXPRESS MAIL AND FACSIMILE TO 757-858-1204

Re:     Hells Angels Motorcycle Corporation
          Trademark infringement notice and demand

Dear Mr. Watson:

It is our privilege to represent Hells Angels Motorcycle Corporation ("HAMC") in trademark and related business matters.  HAMC is the owner of collective membership marks, trademarks and service marks, including the word mark HELLS ANGELS which is used exclusively by the corporation's chartered clubs and their active members.  HAMC has been diligent in the protection of its famous marks and is the owner of numerous federal and foreign registrations. We have been instructed to enforce our client's rights in its marks with all the remedies available under state and federal law.

Having been employed continuously and conspicuously for over fifty years as the indicia of membership in the chartered motorcycle clubs, HAMC's marks are very well known by the public and have been consistently recognized as "famous" marks by federal courts.  Accordingly, HAMC's marks are accorded the highest level of protection against dilution from unauthorized use.

It has been brought to our attention that your company is distributing and selling shirts which infringe the membership indicia and mark of our client.  We refer in particular to the word mark HELLS ANGELS used and registered by our client (U.S. Registration. Nos. 1,136,494, 1,214,476, 1,294,586, 1,301,050, and 1,943,341), and whose affixation on apparel is reserved exclusively for active members of the elite motorcycle clubs.  Shirts fabricated by your company and bearing this word mark were displayed at last month's MAGIC trade show in Las Vegas, presumably for distribution and sale.  An image of the infringing shirt is shown below.

On behalf of our client, we demand the immediate cessation of your company's unauthorized, improper and infringing use of our client's registered mark on shirts or apparel of any kind, and the recall of all such items.

Your company's unauthorized use of HAMC's famous mark on shirts is obviously calculated to evoke and therefore trade on the reputation of the famous motorcycle club. Such usage is likely to cause confusion, constitutes false designation of origin and dilution under the trademark laws, and will not be tolerated.

Under relevant law, you are deemed to have had constructive notice of our HAMC's rights in the mark from its registration date. Through this letter, you are placed on actual notice of our client's registered rights and we shall consider any further use of the HELLS ANGELS mark as willful and deliberate. The Trademark Act of 1946, and the case law emanating therefrom, authorize courts to grant attorney fees and treble damages to registered trademark owners upon such showings of willful infringement.

Demand is hereby made that you reply by email or facsimile transmission no later than **Friday, 14 March 2008**, confirming exactly what steps you have taken to cease all commerce in the infringing shirts, and providing an accounting of all such shirts manufactured, distributed and sold, so that we may determine the measure of damages to be assessed. The timeliness and quality of your response, and your cooperation in recalling and sequestering the existing inventory, will be important factors in our determination whether judicial intervention is required.

Your immediate attention to this matter is therefore expected.

Very truly yours,

Fritz Clapp

FHC/hp
hamc_237
cc:    Neal C. Schulwolf, Esq. (via facsimile to 757-491-1518)



Exhibit D

A.J. KALFUS
STUART L. NACHMAN
RICHARD F. AUFENGER, III*
ERICK A. BOWMAN***
PAUL R. HERNANDEZ*
CHRISTOPHER I. JACOBS
NEAL C. SCHULWOLF
BLAIR E. SMIRCINA
CHRISTOPHER L. SPINELLI
JESSE M. SUIT, III**

*ALSO MEMBER OF NORTH CAROLINA BAR
**ALSO MEMBER OF LOUISIANA BAR
***MEMBER OF KENTUCKY BAR



ATTORNEYS AT LAW

A PROFESSIONAL CORPORATION

870 N. MILITARY HIGHWAY, SUITE 300
AT MILITARY CIRCLE
**NORFOLK, VIRGINIA 23502**
TELEPHONE (757) 461-4900
FACSIMILE (757) 461-1518

☐ ROANOKE OFFICE:
3540 BRAMBLETON AVENUE
ROANOKE, VIRGINIA 24018
TELEPHONE (540) 345-4878
FACSIMILE (800) 340-5535

☐ NEWPORT NEWS OFFICE:
10 SAN JOSE DRIVE AT OYSTER POINT
NEWPORT NEWS, VIRGINIA 23601
TELEPHONE (757) 245-4878
FACSIMILE (757) 461-1518

March 26, 2008

**SENT BY FACSIMILE (888-467-2341)**
Fritz Clapp, Esquire
544 Pawali St.
Kihei, Mauik HI 96753

     Re:    Hells Angels Motorcycle Corporation

Dear Mr. Clapp:

     I apologize for not responding sooner to our recent telephone conversation whereby I agreed to provide you with certain information regarding Hells Angels Motorcycle Corporation and Headgear, Inc. I have spoken to Jeff Watson, president of Headgear, Inc., who has advised me that the screen print which was used to make the tee shirt exhibited in your letter of March 10, 2008 has been destroyed. Jeff has assured me that there will be no further use of the name "Hells Angels" on any of his company's shirts.

     Jeff has made it clear to his design department, and specifically to his designer who designed the shirt, that the use of registered trademarks on any designs is strictly prohibited and not tolerable.

     Jeff would like to personally apologize to the Hells Angels Motocycle Corporation for any offense this situation may have caused and assures you that it will not happen again. We hope this letter satisfies both yourself and your client and wish you the best.

                    Very truly yours,

                    Neal C. Schulwolf

NCS/car
cc: Guy Stello

Exhibit E

From:             **Fritz Clapp <mail@fritzclapp.com>**
To:               **"Neal C. Schulwolf" <ncs@knlegal.com>**
Subject:          **RE: HAMC v Headgear**
BCC to:           **@HAMC_corp_ofcrs.PML**
Send reply to:    **"Fritz Clapp" <mail@FritzClapp.com>**
Date sent:        **Thu, 17 Apr 2008 09:10:12 -1000**

Mr. Schulwolf --

Maybe it was not your client's intention to get sued, but obviously it knew the mark was famous and used it for no other reason.

We demand that your client immediately furnish a complete list of the retailers and individual customers to whom the infringing items were delivered, with all available contact information so that we may take appropriate action.  Your client has not demonstrated the ability to accomplish the task of removing the infringements from the marketplace or recalling them, and does not seem to appreciate the urgency, so we must step in.

In the absence of full disclosure we are instructed to file an action no later than next Monday.

Very truly yours,
Fritz Clapp


On 17 Apr 2008, Neal C. Schulwolf wrote:

> Mr. Clapp:
>
>
>    Thank you for the recent pictures. I have stressed to Headgear's
>    CEO that
> he has to move quickly to request the removal of all the shirts from
> the retailers who purchased these shirts at the MAGIC Vegas show. As
> you may be aware, Blac Label is an urban clothing line and they sell
> to both individual proprietors as well as to retail chains. As stated
> previously, Headgear was unaware of the Hells Angels name registration
> for t-shirts and it was not their intention to infringe or violate the
> Hells Angels name. According to Headgear, they are making efforts to
> contact the retail customers to request that the shirts previously
> sold to those entities be pulled. Hopefully, this process will be
> completed shortly.
>
>
>                          Very Truly Yours,
>
>
>                          Neal C. Schulwolf

>
> Neal C. Schulwolf, Esquire
> Kalfus & Nachman, P.C.
> P.O. Box 12889
> Norfolk, VA 23541
> (757) 461-4900
> (757) 461-1518 (Facsimile)
> ncs@knlegal.com
>
>  DO NOT read, copy or disseminate this communication unless you are
>  the
> intended recipient. This e-mail communication contains confidential
> and/or privileged information intended only for the addressee.  If you
> have received this communication in error, please call immediately at
> 888- 487-8546 and ask to speak to the sender of the communication.
> Also, please e-mail the sender and notify the sender immediately that
> you have received the communication in error.  This e-mail
> communication is not intended as and should not be interpreted as
> legal advice or legal opinion. The transmission of this e-mail
> communication does not create an attorney-client relationship between
> the sender and you. Do not act or rely upon the information in this
> communication without seeking the advice of an attorney.
>
>
> -----Original Message-----
> From: Fritz Clapp [mailto:mail@fritzclapp.com]
> Sent: Wednesday, April 16, 2008 12:41 PM
> To: Neal C. Schulwolf
> Subject: HAMC v Headgear
>
>
> FYI this photo was taken yesterday at a retailer named Authentiks at a
> mall in Columbia, South Carolina.
>
>

1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **NORTHERN DISTRICT OF CALIFORNIA**

10

11                              **SAN FRANCISCO DIVISION**

12

13

**HELLS ANGELS MOTORCYCLE**                  **Case No. CV-08-2119-VRW**
14   **CORPORATION**, a Nevada corporation,

15          Plaintiff,

                                             **[PROPOSED] ORDER AUTHORIZING**
16   v.                                      **EXPEDITED DISCOVERY**

17

**HEADGEAR, INC.**, a Virginia corporation,
18   20/20 FASHIONS, INC., a California corp-
     oration, and Does 1 through 100, inclusive,
19

20          Defendants.

21

22          This matter comes before the Court on the Plaintiff's Ex Parte Motion for Expedited

23   Discovery pursuant to Fed.R.Civ.P. 26(d) filed on April 30, 2008 ("Motion"). Having

24   reviewed the Motion, and upon consideration thereof and good cause being shown, the

25   Court hereby grants the Motion.

26          IT IS HEREBY ORDERED that Plaintiff is authorized to conduct discovery, before

27   the parties have conferred as required by Rule 26(f), in the form of special interrogatories

28   under Fed.R.Civ.P. 33 commanding that defendant Headgear, Inc. identify the persons

1  and/or entities to whom it has supplied shirts bearing the HELLS ANGELS word mark,

2  and the quantities and shipping dates applicable to each such party and/or entity.

3

4  Dated:

5  _____

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28