BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP
Alan R. Plutzik (State Bar No. 77785)
Michael S. Strimling (State Bar No. 96135)
2125 Oak Grove Road, Suite 120
Walnut Creek, California 94598
925-945-0200

Of Counsel:
MENDELSOHN & ASSOCIATES, P.C.
Kevin M. Drucker
1500 John F. Kennedy Blvd., Suite 405
Philadelphia, Pennsylvania 19102
215-557-6659

Attorneys for Defendant Headgear, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELLS ANGELS MOTORCYCLE CORPORATION, a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>HEADGEAR, INC., a Virginia corporation, 20/20 FASHIONS, INC., a California corporation, and Does 1 through 100, inclusive,<br><br>Defendant. | Case No. CV-08-2119 (VRW)<br><br>**ANSWER OF DEFENDANT HEADGEAR, INC. TO FIRST AMENDED COMPLAINT** |

Now comes Defendant Headgear, Inc. ("Headgear") and Answers Plaintiff's First Amended Complaint for Trademark Infringement and Dilution (the "Complaint"), as follows:

1.     Headgear avers that paragraph 1 of the Complaint states a legal conclusion as to the causes of action and the subject matter jurisdiction in this lawsuit, to which no response is required. To the extent a response is deemed required, Headgear denies that any cause of action against it exists.

2.      Headgear avers that paragraph 2 of the Complaint states a legal conclusion as to the personal jurisdiction in this lawsuit, to which no response is required.  To the extent a response is deemed required, Headgear admits that this Court has personal jurisdiction over Headgear.

3.      Headgear avers that paragraph 3 of the Complaint states a legal conclusion as to the intra-district assignment in this lawsuit, to which no response is required.  To the extent a response is deemed required, Headgear admits that this lawsuit may be assigned to the San Francisco Division.

4.      After reasonable investigation, Headgear is without information sufficient to form a belief as to the allegation in paragraph 4 of the Complaint whether Plaintiff is now, and at all relevant times was, a non-profit corporation organized and existing under the laws of the State of Nevada and therefore denies this allegation.  Headgear admits that Plaintiff appears to be the owner of record of certain trademark registrations described in the Complaint but not all of the trademarks described in the Complaint.

5.      Headgear admits the allegations in paragraph 5 of the Complaint.

6.      Headgear neither admits nor denies the allegations in paragraph 6 of the Complaint and states that no answer is required of this Defendant.

7.      Headgear avers that paragraph 7 of the Complaint states a legal conclusion as to the propriety of venue in this lawsuit, to which no response is required.  To the extent a response is deemed required, Headgear admits that venue is proper in this judicial district and that it has sold items in this judicial district but denies the allegations concerning that such items are "infringing."

8.      Headgear denies the allegations in paragraph 8 of the Complaint.

9.      After reasonable investigation, Headgear is without information sufficient to form a belief as to the allegations in paragraph 9 of the Complaint and therefore denies the allegations of that paragraph.

10.     Headgear admits that Plaintiff appears to be the record owner of the trademark registrations recited in paragraph 10 of the Complaint and that Exhibit A referred to in paragraph 10 of the Complaint appears to be a copy of Certificate of Registration No. 1,294,586.

11.     Headgear admits that Plaintiff's trademark registrations recited in paragraph 10 of the Complaint have become incontestable but denies the remaining allegations of paragraph 11 of the Complaint.

12.     After reasonable investigation, Headgear is without information sufficient to form a belief as to the allegations in paragraph 12 of the Complaint and therefore denies the allegations of that paragraph.

13.     Headgear denies the allegations of paragraph 13 that it seeks to exploit any value in the alleged word mark for its own gain.  After reasonable investigation, Headgear is without information sufficient to form a belief as to the remaining allegations in paragraph 13 of the Complaint and therefore denies the remaining allegations of that paragraph as well.

14.     Headgear admits that, within a year prior to the filing of the Complaint, Headgear caused shirts bearing the words "HELLS" and "ANGELS" to be manufactured, distributed, and sold, including the shirt shown at the top of Exhibit B referred to in paragraph 14 of the Complaint, and further admits that the design shown at the bottom of Exhibit B was employed by Headgear on a shirt that was never distributed or sold, but denies the remaining allegations of paragraph 14.

15.     Headgear admits that, within a year prior to the filing of the Complaint, Headgear distributed and sold the shirt shown at the top of Exhibit B referred to in paragraph 14 of the Complaint to various clothing chain stores and retail outlets, including Defendant 20/20, but denies the remaining allegations of paragraph 15 of the Complaint.

16.     Headgear admits the allegations in paragraph 16 of the Complaint.

17.     Headgear denies the allegations in paragraph 17 of the Complaint.

18.    Headgear denies the allegations in paragraph 18 of the Complaint.

19.    Headgear admits that Plaintiff sent Headgear the letter of Exhibit C referred to in paragraph 19 of the Complaint and states that Exhibit C speaks for itself.

20.    Headgear denies the allegations in the paragraph numbered 20 under the heading "Defendants' Unauthorized Usage of Plaintiff's Mark" in the Complaint.

21.    Headgear denies the allegations in the paragraph numbered 21 under the heading "Defendants' Unauthorized Usage of Plaintiff's Mark" in the Complaint.

22.    With respect to the allegations incorporated in the paragraph numbered 22 in the Complaint, Headgear hereby incorporates by reference its answers to paragraphs 1 through 21 as if fully set forth herein.

23.    Headgear denies the allegations in the paragraph numbered 23 under the heading "First Cause of Action" in the Complaint.

24.    Headgear denies the allegations in paragraph 24 of the Complaint.

25.    With respect to the allegations incorporated in the paragraph misnumbered as "20" under the heading "Second Cause of Action" in the Complaint, Headgear hereby incorporates by reference its answers to paragraphs 1 through 21 as if fully set forth herein.

26.    Headgear denies the allegations in the paragraph numbered 21 under the heading "Second Cause of Action" in the Complaint.

27.    Headgear denies the allegations in the paragraph numbered 22 under the heading "Second Cause of Action" in the Complaint.

28.    Headgear denies the allegations in the paragraph numbered 23 under the heading "Second Cause of Action" in the Complaint.

Headgear denies that Plaintiff is entitled to any of the relief enumerated in and following its WHEREFORE clause, or any relief or damages whatsoever, and respectfully requests that the

Court enter judgment on its behalf and award its attorneys' fees and costs and such other and further relief as the Court deems just.

With respect to the entire Complaint, Headgear denies each and every allegation of the Complaint not expressly admitted herein.

And by way of Affirmative Defenses, Headgear alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part due to Plaintiff's lack of standing.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because there is no likelihood of confusion between any alleged trademark of Plaintiff and Headgear's use of the words "HELLS" and "ANGELS" on its clothing.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff cannot demonstrate any likelihood that the public will be confused or misled as to the source of Headgear's goods or that Headgear's goods are produced or endorsed by Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff has abandoned one or more of its alleged trademarks.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Headgear has not used in commerce within the meaning and scope of the Lanham Act the marks alleged by Plaintiff to be used by Headgear.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because Headgear has consistently

identified itself and its goods as independent from and in no way associated with Plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because Headgear does not manufacture or

sell any goods in competition with goods manufactured and sold by Plaintiff, nor does Headgear

otherwise compete with Plaintiff.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because Headgear's use of the words

"HELLS" and "ANGELS" on shirts is not the use of those words as a source identifier.

**TENTH AFFIRMATIVE DEFENSE**

Headgear has not infringed any alleged trademark or other protectable rights of Plaintiff.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because any alleged use made by Headgear

of the words in which Plaintiff claims trademark rights is a fair use.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because any alleged use made by Headgear

of the words in which Plaintiff claims trademark rights is protected by the First Amendment of the

United States Constitution.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's dilution claims are barred in whole or in part because Plaintiff's alleged

trademarks are not sufficiently recognized or well-known among the public to be famous.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### FOURTEENTH AFFIRMATIVE DEFENSE

Headgear has not acted with any intent to harm Plaintiff or any of Plaintiff's alleged trademarks.

### FIFTEENTH AFFIRMATIVE DEFENSE

Headgear's claims are barred in whole or in part by the doctrine of laches.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff suffered no actual injury, harm, or damages as a result of any conduct of Headgear as alleged in the Complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because, to the extent Plaintiff suffered any injury, harm, or damages, which Headgear expressly denies, said injury, harm, or damages were not proximately caused by any conduct of Headgear.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because, to the extent Plaintiff suffered any injury, harm, or damages, which Headgear expressly denies, Plaintiff failed to take the necessary steps to mitigate any damage or injury sustained.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to treble damages pursuant to 15 U.S.C. §1117 under the circumstances alleged in the Complaint.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to attorney's fees or costs under the circumstances alleged in the Complaint.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff is not entitled to injunctive relief under the circumstances alleged in the Complaint.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's demand for injunctive relief violates the First Amendment of the United States Constitution and Article I of the California Constitution.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a jury trial because Plaintiff's prayer for relief includes requests for relief that is purely equitable and/or statutory and not cognizable as a common law claim.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because one or more Plaintiff's alleged trademark registrations are void, invalid, and unenforceable.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

If and as the evidence so warrants, Headgear will rely upon the doctrines of unclean hands, estoppel, waiver, abandonment, trademark misuse, and/or third-party use.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by applicable statutes of limitations and/or repose.

### ADDITIONAL DEFENSES

As Headgear's investigation is ongoing and discovery has not yet been taken, and as many facts are likely in the possession of Plaintiff and third parties, Headgear alleges and avers that it intends to rely upon such other and further defenses as may become available or apparent from such investigation and discovery and hereby reserves the right to amend its Answer to assert such defenses.

---

1    WHEREFORE, Headgear respectfully asks this Court enter judgment in its favor and

2  against Plaintiff, dismiss Plaintiff's claims with prejudice, and award costs, attorney's fees, and

3  such other relief to Headgear as this Court deems appropriate.

4  Dated: May 22, 2008

5

6                                    Respectfully submitted,

7                                    BRAMSON, PLUTZIK, MAHLER &
                                     BIRKHAEUSER, LLP
8

9

10                                   By_____/s/_____
                                          Michael S. Strimling

11                                   Alan R. Plutzik (State Bar No. 77785)
                                     Michael S. Strimling (State Bar No. 96135)
12                                   2125 Oak Grove Road, Suite 120
                                     Walnut Creek, California 94598
13                                   925-945-0200

14                                   - and -

15                                   Of Counsel:

16                                   MENDELSOHN & ASSOCIATES, P.C.
                                     Kevin M. Drucker
17                                   1500 John F. Kennedy Blvd., Suite 405
                                     Philadelphia, Pennsylvania 19102
18                                   215-557-6659

19                                   Attorneys for Defendant Headgear, Inc.

20

21

22

23

24

25

26

27

28